Judge RoBertsom
delivered the opinion of the Court.
Bodley having failed, for nine months, to have improvements, &c. valued, under an order made for his benefit, and at his instance, appointing commissioners in an ejectment, in which Hord had recovered judgment against him, the court on Hords Motion, after serving a rule on Bodley to shew cause, set aside the order for commissioners, and ordered a habere facias to issue in favor of Hord. ' Bodley appealed from this decision, but the appeal being afterwards dismissed, because the record was not filed in time, Hord presented a certificate of that fact, and therefore, having obtained another prder for a habere facias was put into possession on the 16th of November, 1825. On the 28th of November, 1825, Bodley obtained a supersedeas, and thereupon moved the court to quash *80 tbe habere facias, at;d restore him the possession. The court sustained his motion, and ordered restitutufion. From this decision Fiord appealed. And the only question tor our decision, is, whether the last opinion of the court below was erroneous or not.
(¿ua“.re. Whether supersedeas obtained aft.-r writ of possession executed, authorizes restitution?
There having been no error in the proceeding?, by which {lord was putin possession, awarding the writ of restitution was wrong.
Triplett, for appellant: Hoggin, for appellee.
Whether in such a case, after a judgment at law has been regularly carried into complete effect, by proper process, a supersedeas from this court can, by relation, affect what had been done, need not be decided now.
The decision of the inferior court setting aside the order for commissioners, has been affirmed by this court. ITord we presume, is yet in possession, and the only consequence of a decision in this case will be the Costs.
Whether the supersedeas could ope'rale on the habere facias after its execution, or not, (and we are inclined to the opinion that it could not) unless connected with peculiar circumstances; still as the circuit court had committed no error in awarding the writ, as Bodlev alone had been in default, and as in consejuence of that default, Fiord had been legally put into possession, the order of restitution was improper.
Judgment reversed.